---

HEARD NOVEMBER TERM, 1874.

### STEWART *vs.* BLEASE.

A return by a majority of Commissioners in Dower, assessing a sum of money to be paid in lieu of dower, must stand, unless fraud or error of law or fact be shown, and this although the minority dissent in writing.

BEFORE MOSES, J., AT NEWBERRY, MAY TERM, 1874.

The judgment of His Honor the Circuit Judge is as follows:

MOSES, J. To rightly understand the issues involved in this appeal, it is necessary that a brief history of this action should be given.

Eliza R. Stewart filed her petition in the Probate Court for Newberry County, on the 2d day of November, 1869, to have admeasured her dower in certain lands, which were sold by the

United States Marshal during the life-time of her husband, Robert Stewart, to the defendant, Henry H. Blease, the said Robert Stewart having died on the 21st day of August, 1869.

The defendant, Henry H. Blease, denied her right to dower in said lands. Upon the hearing in the Probate Court the demandant's right of dower was sustained, and a writ for its admeasurement ordered to issue.

From this decree of the Probate Court the defendant appealed to the Circuit Court, where, after a hearing, his appeal was dismissed, and the decree of the Probate Court affirmed. The defendant then appealed to the Supreme Court. This last Court dismissed the appeal, and affirmed the decree of the Court below, (*ante,* p. 37.)

In the Probate Court a writ for admeasurement of dower was framed, directed to Robert L. McCaughrin, Joseph Caldwell, Jordan P. Pool, Daniel M. Ward, and Thomas P. Slider, as the five Commissioners.

To this writ Robert L. McCaughrin, Joseph Caldwell and Jordan P. Pool—a majority of the Commissioners—made their return, setting forth that they had gone upon the lands, and that they were unable to admeasure the petitioner one-third of the lands in question without manifest injury to both parties, and that they had assessed a sum of money to be paid to the demandant in lieu of dower, and that they had assessed the land as worth, on the 17th day of February 1869—the date of alienation—$14,000, and that the sum of money to be paid to the dowress should be the one-sixth of $14,000, to-wit: the sum of $2,333 33⅓, with interest at 7 per cent. thereon from the 21st day of August, 1869, the date of the death of Robert Stewart.

The other two Commissioners in Dower, by written statement, objected to the return of the majority, alleging that the lands in question were capable of division, so as that one-third should be given to dowress, and that the valuation of the majority was too high.

Upon a motion being made in the Court of Probate for the confirmation of the return of the Commissioners, the defendant filed exceptions, and demanded that testimony should be heard to sustain the exceptions. The Judge of the Probate Court held that it was competent to hear testimony to show in what manner the Commissioners had performed their trust.

None of the five Commissioners were examined.

At least seven witnesses were introduced by defendant. No witnesses were presented by petitioner. After argument, the Judge of Probate decided that the writ was exactly conformable to law; that the Commissioners were, by law, made the judges of the practicability of dividing the lands, and that he could not see anything in the testimony to justify the return of the writ to the Commissioners for the purpose of changing their return in that particular; that the value put upon the lands by the Commissioners was not too great; and that the defendant's absence, at the time the Commissioners went upon the land, was not an error or irregularity on the part of the Commissioners sufficient to set aside their return. The Judge of Probate confirmed the return of the Commissioners and made it the judgment of that Court.

From this decree, dated May 16th, 1873, the defendant has appealed to this Court upon twelve grounds, which are now set forth:

1st. The said return was made under circumstances adverse to a full and faithful discharge of the duties of the Commissioners, and unfavorable to the arriving at correct conclusions in the premises, to-wit: without the assistance of a surveyor, or of plats to guide them, and without the presence of any one who could inform them of the condition of the land when alienated, its true boundaries, and the improvements and value thereof put upon the land since its alienation.

2d. The said Commissioners would not allow the defendant to be present at the admeasurement of demandant's dower, although he asked such permission, and notwithstanding they were notified by defendant's counsel not to proceed to execute the writ, without giving the defendant an opportunity to be present, thus preventing the defendant, to whom all the matters were best known, from showing them the land, its true boundaries, and such improvements as were added thereto, and thereby enabling them to come to proper conclusions as to the condition and value of the land when alienated, and also of the practicability of its division, without disadvantage.

3d. The Commissioners, in their said return, imagining that they had viewed the entire body of land, made their estimate upon 934 acres, more than one-third of which, to wit, 341 acres, and that, too, of very inferior character, as was established by proof uncontradicted, they failed to see, and which they were not aware was

included in the land in controversy, thus manifesting that their judgment as to its value and the impracticability of its division was erroneous.

4th. The evidence before His Honor established, conclusively, that the defendant had put permanent improvements of considerable value on the land since its alienation, which were not pointed out to the Commissioners, and of which they took no account in making up their return.

5th. His Honor the Probate Judge utterly disregarded the return of two of the Commissioners, erroneously styling it a statement, in which they show that the land, being divided by public roads into three separate tracts, of about equal value, the demandant's dower could have been assessed to her without disadvantage, which opinion is sustained by the testimony on the part of the defendant, and is uncontradicted by the plaintiff.

6th. The said return of the Commissioners assess a sum of money in lieu of dower, when the dower could have been admeasured without disadvantage to the demandant, and the defendant consented to any admeasurement, expressly requesting the Commissioners to lay off to her so much land as might be deemed proper, without too much regard to his interest in the premises.

7th. The lands are valued, in said return, at too high an estimate—higher than that at which it was alienated by the husband, and in all probability much higher than the Commissioners themselves would have assessed it, had they fully discharged their duty in viewing the whole land, or had they been informed of its true character.

8th. The return does not show the quantity of the land nor the data upon which the judgment of the Commissioners was founded.

9th. The return shows that the Commissioners undertook, without authority, to fix the time from which the sum assessed by them in lieu of dower should bear interest.

10th. The return does not show the value of each tract of land separately, nor state the number of acres in each separate tract.

11th. The return of the Commissioners should not have been confirmed, in that the Commissioners failing to do their first duty in admeasuring dower, when it is practicable they should have then assessed one-third of the annual interest on the purchase money from the death of alienor to the death of the demandant, in lieu of her dower.

12th. His Honor the Probate Judge further erred in his decree in misapprehending the testimony introduced by the defendant, and especially of the witnesses mentioned in said decree, as well as of the kind of property conveyed in the deed from Robert Stewart to Henry H. Blease, there being also personalty included in that sale.

I will first notice the exceptions in their order, and, secondly, state my judgment of the law and facts.

The first exception, as will be readily perceived, strikes at the want of those requisites which would enable Commissioners to properly admeasure dower, viz: absence of a surveyor or plats, and information relative to true boundaries, &c.

I am forced to the conclusion that the defendant has failed to establish, by the testimony of witnesses, or the return of the majority of the Commissioners, or the statement of the two dissenting Commissioners, any one of the facts referred to in this exception, and it is, therefore, overruled.

The second exception is, that the Commissioners did not allow the defendant to be present at the admeasurement, as he requested, and did not regard the notice of defendant's counsel, forbidding them to proceed in the absence of the defendant.

I am at a loss to conceive how the statement that the Commissioners would not allow the defendant to be present can be founded upon anything in the testimony of the defendant's own witnesses. He knew that the Commissioners were proceeding to the discharge of their duty; he was not prevented by Commissioners from attending, if he had seen proper to do so; he did not seek the permission of the Court, upon which he was in attendance as a juror, to be allowed to accompany the Commissioners.

As to so much of the exception as relates to the notice given by defendant's counsel to Commissioners, while it is established such notice was given, it is clearly no error on the part of Commissioners to refuse to listen to the verbal notices of counsel, when such notices may contravene the instructions of a writ issuing from a Court. It may be as well to remark, in this connection, that any set of Commissioners should refuse, under similar circumstances, to listen, for one moment, to such instructions from attorneys. It was the duty of counsel for defendant, if the action of the Commissioners was prejudicial to his client, to have sought the aid of the Court in its correction. The exception is overruled.

The third exception relates to the failure of the Commissioners to view the entire body of the land. This is a question of fact, and from the testimony I decide that the defendant has failed to establish its existence. It is, therefore, overruled.

The fourth exception, having reference to permanent improvements put upon the land by defendant, and of the failure of the Commissioners to take the same into account, is another question of fact, which I decide the defendant failed to establish. It is overruled.

The fifth exception, referring to a failure on the part of the Probate Judge to properly characterize the statement of the two dissenting Commissioners, establishing the division of the body of land into separate tracts by roads, and the practicability of its division by the Commissioners under the writ, I decide it no error. Technically, it was a statement, and it failed, with the aid of testimony, to convince the Court below that the lands could be divided without injury—I agree with the Judge of Probate. This exception must be overruled.

The sixth exception complains that the Commissioners assess a sum of money when a division of the land was practicable, and defendant consented to any division they might deem proper, without too much regard to his interest.

By law, the Commissioners are invested with the duty of determining the practicability of division of lands; when no fraud or error is established, their return is conclusive. It is a matter of no difference that the defendant offered to let them lay off land as he did. The Commissioners are required, by their oaths, to act impartially. When they fail to lay off land, they are directed and required, by the writ, to assess a sum of money to be paid the dowress in lieu of dower. I fail to see any error in the conduct of the Commissioners, so far as this exception extends, and it is overruled.

The seventh exception avers that the estimate of the Commissioners, as to the value of the lands in question at the time of alienation by decedent, was too high. The testimony of witnesses, the price mentioned in the deeds from Robert Stewart and United States Marshal to defendant therefor, fail to establish this exception; indeed, if anything, it would seem the land was valued too low by the Commissioners. The exception is overruled.

The eighth exception refers to the fact that the Commissioners

neglected to embrace in their return the quantity of land and the data upon which the judgment of the Commissioners was founded.

It is true that the Commissioners do not mention the number of acres, yet the writ is specific, and it has not been contended that that tract contains less than the acreage mentioned in the writ. The Commissioners do furnish the data upon which their judgment is founded. They value the land, and assess a specific part of that valuation as the amount by them recommended to be paid in lieu of dower. The exception must be overruled.

The ninth exception charges that without authority the Commissioners attempted to fix the time at which interest shall accrue upon the amount recommended to be paid. By reference to the writ, which is the chart of the Commissioners, the date of the death of Robert Stewart is mentioned, and by express terms of said writ they are required to assess interest from that date. The correctness of that date is not questioned by the defendant. This exception must be overruled.

The tenth exception alleges that the Commissioners failed to state the value of each tract separately, or the number of acres in each tract. No such duty is imposed upon them by the writ. The land is referred to as a body, and its boundaries mentioned, but it is not referred to as made up of separate tracts, nor is there any foundation in fact, according to the testimony offered at the trial for the statement, that the lands in question are not one body of lands. This exception must also be overruled.

The eleventh exception insists that the Commissioners should have assessed the one-third of the annual interest on the purchase money from the death of the alienor to the death of the demandant in lieu of her dower. This is no error. It is true when a fund is in Court, a fund realized from the sale of lands in which dower is claimed, the Court sometimes orders the interest on the one-third thereof to be paid to the dowress. But while this is true, at the same time the practice adopted by the Commissioners in this case has been too long pursued by the permission of the Court to be disturbed. This exception is overruled.

The twelfth exception charges that the Probate Judge failed properly to apprehend the testimony offered by the defendant, and also the kind of property conveyed by deed from Robert Stewart to defendant. I see no error in the decree, as affected by this exception, and it is overruled.

Having thus disposed of the exceptions filed by defendant, it may be as well to enter into some consideration of the law bearing upon the questions here involved.

The law pertaining to admeasurement of dower may be administered in either the Court of Probate or the Court of Common Pleas. The statute which confides the care of such interests to the Court of Probate is quite explicit. The writ framed in this case is in exact conformity with the statute. By the statute the Commissioners entrusted with its execution were required to go upon the lands in dispute; to lay off demandant's dower, by admeasuring her the one-third part thereof, if such could be done without manifest disadvantage; but in case they could not so admeasure the one-third part thereof, then, in that event, they should assess a sum of money, to be paid to the demandant in lieu of her dower therein. The Commissioners are made the judges of the practicability of division, and in event of that failure, to assess a sum of money to be paid demandant. A majority of the Commissioners may do this. In case such Commissioners were guilty of fraud, or proceeded upon erroneous principles, their return would be set aside, and to establish either of these it would necessarily require that the Court, before whom issues were tried, should hear evidence. That evidence might be by affidavit or by oral testimony.

It seems to me that the Court of Probate has afforded the defendant full opportunity of developing his attack upon the Commissioners who made the return in this case, and he has failed, both there and here, to establish the propriety of setting such return aside.

It, is, therefore ordered, adjudged and decreed, that the appeal be dismissed, and that the decree of the Probate Court be affirmed.

It is also ordered that the appellant pay the costs of this appeal.

And it is further ordered that the judgment of this Court be certified to the Probate Court for the County of Newberry, by the Clerk of this Court, for such further proceedings as may be required to carry out the purposes of this decree, and that of the Probate Court herein:

The defendant appealed from the judgment of the Circuit Court, overruling all the grounds of appeal taken by the said defendant

from the decree of the Probate Court, and moved the Court for a reversal of the same.

*Jones & Jones,* for appellant.

*Baxter & Johnstone,* contra.

Dec. 22, 1874. *Per totam curiam.* No error of law is shown on the part of the Court below; neither do we perceive anything which, according to the practice of this Court, in regard to the evidence, will permit its interference.

It is, therefore, ordered that the motion be dismissed.